UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WILSON NEWONGEBY KPAHN,　　　　　　　CIVIL NO. 14-2991 (JRT/JSM)

　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　REPORT AND RECOMMENDATION

HENNEPIN COUNTY,
*State of Minnesota*,

　　　　Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's self-styled application for a writ of habeas corpus under 28 U.S.C. § 2254. [Docket No. 1].[1]  The case has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

---

[1] Petitioner captioned his pleading "Motion: Correction or Reduction of Sentence: Minn. R. Crim. P. 27.03, subd. (9)." The pleading was directed to the "United States District Court of Appeals, District of Minnesota." The Clerk's Office construed this pleading to be a Petition for Writ of Habeas Corpus under 28 U.S.C. §2254. While this Court has significant doubt as to whether Petitioner is indeed seeking to file a habeas petition, the Court will nonetheless treat this pleading as a petition for habeas relief for the purpose of this Report and Recommendation. If Petitioner intended to file a motion under Minn. R. Crim. P. 27.03, subd. 9, which must be filed with the state court, he should proceed to do so.

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

**I.   BACKGROUND**

Petitioner is an inmate at the Minnesota Correctional Facility in Oak Park Heights, Minnesota.  Petition, p. 1.  Petitioner is serving a 423-month prison sentence for second-degree murder, to which he pled guilty.  Id.  Petition, p. 6.[3]  A Criminal Judgment and Warrant of Commitment was entered in Petitioner's state court criminal case on May 21, 2008.  State Court Register of Actions.

Petitioner contended that when he pled guilty to second-degree murder, he agreed to a departure within the 306-month presumptive sentencing guidelines grid based on his criminal history score of zero, but "unknowingly" accepted a plea agreement that provided that his sentence would be based on a criminal history score of 5, which opened the door to a longer sentence than he anticipated.  Id., p. 6.  Petitioner alleged that this upward departure violated his federal constitutional rights under the Sixth and Fourteenth Amendment to have a jury determine the facts related to any upward departure as required by Blakely v. Washington, 542 U.S. 296 (2004).  Petition, pp. 7-9.  Petitioner also alleged that his Sixth Amendment rights were violated because he received ineffective assistance of trial counsel relating to his plea agreement.  Id., p. 7 (citing Hill v. Lockhart, 474 U.S. 52 (1985), Strickland v. Washington, 466 U.S. 668 (1984)).

As relief, Petitioner sought "appellate court review" of "all aspects of the criminal-history score," the "excessive sentencing scheme," the "Blakely issue to have a jury

---

[3]     See also State of Minnesota v. Wilson Newongeby Kpahn, 27-CR-07-29966 (Hennepin County District Court),
Register of Actions, http://pa.courts.state.mn.us/CaseDetail.aspx?CaseID=704721075 ("State Court Register of Actions").

decide the aggravating-factor for an upward departure beyond the maximum sentence allowed by the guidelines" and "ineffectiveness of counsel" and sought a correction or reduction of his sentence. Id., p. 9.

For the reasons set forth below, this Court is recommending that the Petition be summarily dismissed with prejudice because it is time-barred.

## II.    DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence.  This statute provides that:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

28 U.S.C. §2244.

In this case, there is nothing in the Petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable to Petitioner's claims.  In other words, there is no

3

suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any suggestion that Petitioner's current claims are based on any new constitutional rule, or any new evidence that could extend the deadline for seeking federal habeas corpus relief.

Thus, pursuant to § 2244(d)(1)(A), the Court finds that the one-year limitation period began to run when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." The judgment that effected Petitioner's conviction and sentence was entered on May 21, 2008. Because there is no evidence that Petitioner pursued a direct appeal, that judgment became final for statute of limitations purposes upon "the expiration of the time for seeking such review." 28 U.S.C. §2241(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[i]n felony and gross misdemeanor cases, an appeal by the defendant must be filed within 90 days after final judgment or entry of the order being appealed." Minn. R. Crim. P. 28.02, subd. 4(3)(a). Therefore, the deadline for seeking direct appellate review of Petitioner's conviction and sentence expired in August, 2008, and the federal habeas statute of limitations began to run at that time. The deadline for filing a habeas corpus petition expired one year later, in August 2009. Petitioner did not file his current Petition until July 23, 2014 – almost five years after the expiration of the limitations period. Therefore, the Petition is time-barred unless the statute of limitations was tolled.

The statute of limitations is tolled when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, and remains tolled during the entire period

that such collateral proceedings are pending in any state court. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999). However, "'Section 2244(d)(2) only stops, but does not reset, the clock from ticking and <u>cannot revive a time period that has already expired</u>.'" Thelen v. Minnesota, Civ. No. 12-3150 (PAM/JSM), 2013 WL 235728, at *3 (D. Minn. Jan. 8, 2013) (quoting Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted) (emphasis added)) (Order adopting Report and Recommendation, 2013 WL 235378 (D. Minn. Jan. 22, 2013).

The statute of limitations is also subject to equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

Finally, the statute of limitations can be overcome by the equitable exception of a "credible showing of actual innocence" -- i.e. the miscarriage of justice exception used to excuse a procedural defaulted claim of constitutional error. See McQuiggin v. Perkins, 133 S.Ct. 1924, 1931-32 (2013).

The tolling provisions of § 2244(d)(2) are inapplicable here because there is no evidence that Petitioner challenged his sentence in any state post-conviction proceeding or by any other means. Further, there is nothing in Petitioner's submission to suggest that he could be eligible for equitable tolling or the equitable exception to the statute of limitations. It appears that Petitioner has simply has not been "diligent in acting to protect his right to federal habeas review" and, therefore, there is no basis for excusing the lateness of his Petition.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner's § 2254 habeas corpus petition is time-barred, and this action must be summarily dismissed with prejudice

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

**V.    RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.    Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2.    This action be **DISMISSED WITH PREJUDICE**; and

3.    Petitioner should **NOT** be granted a Certificate of Appealability.


Dated:    August 7, 2014

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 21, 2014**, a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.